## J. H. Boone *v.* The State.

Selling Liquors — Local-Option Law.— Where, in accordance with the Constitution and the statutory provisions on the subject, the local-option law has been adopted and put in force, it operates a repeal within the locality in question of all laws and parts of laws; in conflict with it; and, inasmuch as it does not otherwise provide, it exempts from punishment all previous offenders against the repealed laws.

APPEAL from the County Court of Wilson. Tried below before the Hon. A. H. ABNEY, County Judge.

The penalty assessed against the appellant was a fine of $300.

*A. J. Williams,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.   In the view we have taken of the disposition necessary to be made of this case, it is neither important nor requisite to discuss more than one of the many questions presented in the record and briefs.

The prosecution was for selling spirituous liquors in quantities of a quart and less than five gallons, without having first obtained a license therefor.   It is shown that subsequent to the date of the alleged offense, the good people of the county of Wilson, in the exercise of a right guarantied them and in conformity with the statutes making provision for such action on their part, at a popular election adopted "local option" for the entire county.   Such being the case, it becomes necessary to determine how far the adoption of the latter (local-option law) affected other laws with regard to the licensing and sale of spirituous liquors in that county, and what effect, if any, would such new law have upon offenses which had been committed prior to its adoption and against the laws in force before its adoption.   These questions are by no means new in this State, and their solution can readily be arrived at by reference to our statutes and the previous decisions of our courts.

In *Robertson* v. *State,* 5 Texas Ct. App. 155, where this identical question was in controversy, it was held that "wherever the local-option law has been adopted in accordance with the Constitution, and been put in force, it operates to repeal all laws and parts of laws in conflict

with it, within the limits of such locality. The general law imposing an occupation tax on retail liquor dealers is not in force in localities where the local-option law has been adopted." The effect of its adoption, then, is to repeal all laws in conflict with it, and the law under which this prosecution was begun and conducted was a law of that character. What then became of offenses against and prosecutions pending for violations of the repealed law? The answer is plainly written in the statute which reads that "the repeal of a penal law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute." Penal Code, art. 16.

Now the law with regard to the adoption of local option makes no mention of or provision for the prosecution and punishment of offenses committed and pending before its adoption under the general laws with regard to the illegal sales of intoxicating liquors. See art. 378, Penal Code. Such being the case, it follows that local option not only repeals the former laws where it is adopted, but also their penalties; and not only so, but its effect is to "exempt from punishment all persons who may have offended against the provisions of such repealed law."

The result is inevitable. The judgment in this case is reversed and the prosecution dismissed.

*Reversed and dismissed.*